**UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |
|---|---|
| METROPOLITAN TRANSPORTATION AUTHORITY, <br><br> *Plaintiff,* <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> *Defendant.* | Case No. ___26-422 C___ |

**PLAINTIFF'S MOTION FOR EXPEDITED BRIEFING ON ITS
FORTHCOMING MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff the Metropolitan Transportation Authority ("MTA") respectfully requests an order setting an expedited schedule on Plaintiff's forthcoming Motion for Partial Summary Judgment pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC") and the Court's inherent authority. Because injunctive relief is generally unavailable under 28 U.S.C. § 1491(a)(1) in this damages action, a modestly compressed schedule on the MTA's motion—one in line with the default briefing schedule for non-dispositive motions under RCFC 7.2(a)—is appropriate and necessary to address the ongoing and imminent harms facing the MTA while preserving the Court's ability to adjudicate the merits.

The Court's intervention is needed to restore critical funding for the Second Avenue Subway Project Phase 2 ("SAS2") that U.S. Department of Transportation ("DOT") agreed to provide but has improperly refused to disburse. *See* Compl. ¶¶ 30-57, 67-115. The MTA filed the complaint in this action today, March 17, 2026, seeking damages in the amount of $58,643,339.10 for reimbursement payments that are past due under the Full Funding Grant Agreement ("FFGA") between the MTA and DOT, in addition to consequential damages flowing from DOT's breach of

the FFGA.  On March 20, 2026, the MTA will file a motion for partial summary judgment for the $58,643,339.10 in outstanding reimbursement requests.  The MTA proposes that Defendant file its Response two weeks later on April 3, the MTA file its Reply by April 10, and the Court hold oral argument on or around April 17.  The MTA also requests a status conference on Friday, March 27, 2026, or at the Court's convenience, to discuss this and any other case management issues necessary to facilitate the Court's prompt consideration of the merits.

Funding for SAS2 is urgently needed, and the MTA has no avenue to seek relief unless the Court acts soon.  In reliance on the DOT's funding commitments, the MTA began work on SAS2 more than two years ago and that work is ongoing.  "It is so obvious that it almost need not be stated that when money is obligated and is not paid as promised, harm follows—debt is incurred, debt is unpaid, and budgets are upended." *Metro. Transp. Auth. v. Duffy*, 784 F. Supp. 3d 624, 691 (S.D.N.Y. 2025) (quoting *New York v. Trump*, 769 F. Supp. 3d 119, 142 (D.R.I. Mar. 6, 2025)). While the MTA has, through extraordinary effort, continued to progress construction of SAS2 for more than five months without federal support, that runway is coming to an end as the MTA will not be able to continue to re-route funding from other construction priorities while ensuring that it can stay on schedule.  There is an imminent risk of a "domino effect" of delays that will threaten the entire project.  *Beverly Hills Unified Sch. Dist. v. Fed. Transit Admin.*, No. 12 Civ. 9861, 2016 WL 4445770, at *11 (C.D. Cal. Aug. 12, 2016) (describing the "domino effect" that delays in subway construction project approvals can have for later phases of the project).  SAS2 will be delivered under four major contracts.  *See* Compl. ¶ 121.  The first two contracts for civil construction and tunnel-boring between 116th and 125th Street have been awarded and are progressing.  *See id.*  Civil construction crews are actively relocating existing utilities, modifying streetscapes, and engaged in building remediation, strengthening, and underpinning.  The third

contract to build the station structure at 106th and the tunnel south of 110th Street is scheduled to be brought before the MTA board in late March 2026 for confirmation of the award. Any delay of the third contract (including payments thereunder) will, in turn, delay the approval of the last outstanding construction contract, placing SAS2 at risk, threatening the jobs of the many workers SAS2 employs, denying East Harlem needed transit access, and forcing the MTA to divert funding from critical safety and accessibility projects across the entire subway system to stop the SAS2 bleeding.

The Court is well placed to rule on this action swiftly given its familiar with the legal questions at issue, which overlap substantially with those that the Court just considered on an expedited basis in *Gateway Development Commission v. United States*, No. 26 Civ. 176 (Fed. Cl.) (the "GDC Action").[1] As the Court is aware, on September 30, 2025, DOT announced that it would suspend all further federal funding for two critical transportation infrastructure projects in the New York City metropolitan area: SAS2 and the Hudson Tunnel Project ("HTP"). *See* Compl. ¶¶ 7, 12. In the GDC Action, which challenges the HTP suspension, the parties briefed cross-motions for summary judgment over the course of two weeks, and the Court ruled from the bench that GDC "established a *prima facie* case of breach of contract." GDC Action, ECF No. 49 at 3. A speedy decision finding that DOT breached its funding agreement and that the MTA is entitled to damages in the undisputed amount of the past due reimbursements will permit the MTA to continue work on SAS2 and minimize the damage that compounds with each passing day of DOT's unlawful funding suspension.

---

[1] Indeed, the questions in this case are narrower. Not only does the present action concern just one federal funding agreement, as compared to the six separate agreements at issue in the GDC Action, but there is no possible argument that the MTA's claims are moot, nor are they likely to become moot any time soon as there is no parallel litigation concerning SAS2 in district court.

At the same time, expedited briefing will not prejudice Defendant.  First, Defendant has been on notice since February 25, 2026 that the MTA would seek expedited judicial relief unless DOT released the past-due funds by March 6, 2026.  And Defendant is already familiar with the legal issues in this action, having recently completed summary judgment briefing on substantially similar claims in the GDC Action.  Second, a speedy partial summary judgment ruling with respect to the past-due amounts will not deprive DOT of an opportunity to take any meaningful discovery, because the material facts in this case are undisputed and require no factual development.[2]

Accordingly, the MTA respectfully requests that the Court set the following schedule for this matter:  Plaintiff shall file its Motion for Partial Summary Judgment by March 20, 2026; DOT shall file any opposition to Plaintiff's Motion for Partial Summary Judgment by April 3, 2026; Plaintiff shall file its reply by April 10, 2026; and the Court shall hold a hearing on or around April 17, 2026, or as soon as is practicable thereafter.

---

[2] While DOT argued in the GDC Action that it required discovery into whether GDC "complied with … Federal nondiscrimination requirements under civil rights law, including DBE requirements," GDC Action, ECF No. 27 at 20-21, the relevant provisions are clear that DOT was required to make a finding of breach *before* it may withhold funds, and even upon a finding of breach, any federal funding that was withheld must be released once the MTA has come into compliance.  *See* Compl. ¶¶ 39-47; *see also* GDC Action, ECF No. 49 at 3.

Dated: March 17, 2026
      New York, New York

Respectfully submitted,

Roberta A. Kaplan
D. Brandon Trice
Maximilian T. Crema
KAPLAN MARTIN LLP
1133 Avenue of the Americas | Suite 1500
New York, NY 10036
Tel.: (212) 316-9500
rkaplan@kaplanmartin.com
btrice@kaplanmartin.com
mcrema@kaplanmartin.com

*Attorneys for Plaintiff*