**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| METROPOLITAN TRANSPORTATION AUTHORITY, | |
| *Plaintiff,* | Case No. 26 Civ. 422 |
| v. | Hon. Philip S. Hadji |
| UNITED STATES OF AMERICA, | |
| *Defendant.* | |

**JOINT STATUS REPORT**

Plaintiff, the Metropolitan Transportation Authority (MTA), and defendant, the United States, respectfully submit this joint status report in response to the Court's order dated April 16, 2026.  ECF No. 22.  The Court has ordered the parties to address the following issues:

> (1) [T]he status of Plaintiff's access to the ECHO-Web system; (2) the status of payments DOT has made to Plaintiff since the oral argument, if any; and (3) the parties' positions on potential dismissal of claims in this case, especially in light of Judge Hertling's opinion in *Gateway Development Commission v. United States*, No. 26-176, 2026 WL 730764 (Fed. Cl. Mar. 12, 2026).  In addition, the parties shall propose a schedule for further proceedings in this matter.

**STATUS OF PAYMENTS TO MTA**

Plaintiff's access to the Department of Transportation's ECHO-Web system was restored on Friday, April 17, 2026.  The MTA resubmitted the outstanding reimbursement requests that form the basis of Counts I and II of the Complaint, and those reimbursement requests have been paid.  This is confirmed by a declaration that MTA is filing in relation to this joint status report. *See* Declaration of Jaibala Patel at ¶ 18, dated April 22, 2026.

**PARTIES' VIEWS ON DISMISSAL OF CLAIMS AND FURTHER PROCEEDINGS**

**I.    Plaintiff's Statement**

In the interest of streamlining this litigation and avoiding duplicative briefing, the MTA respectfully submits that the Court should rule on the core liability questions presented by the MTA's pending motion for partial summary judgment.  After extensive briefing and argument, the Court is poised to address the key questions in this case: whether DOT had a duty arising out of the FFGA to pay the MTA's reimbursement requests within 30 days, and whether DOT breached the FFGA by improperly withholding nearly $59 million in reimbursements.  These questions—duty and breach—are common to all four Counts of the Complaint, in that they turn on the same undisputed facts and contract provisions, and they are fully addressed in the parties' summary judgment briefs.  They will need to be decided regardless of whether Counts I-II are moot, and can be decided on the existing record and briefing.

Accordingly, we believe that the most sensible course is for the Court to adopt a two-phase process for resolving this litigation without the need for duplicative briefing or argument:

- **Phase 1**: The Court rules on the liability issues of duty and breach presented in the MTA's pending motion for partial summary judgment (ECF 13); and

- **Phase 2**: The parties take discovery on the MTA's consequential damages in connection with Counts III and IV, and brief a further summary judgment motion limited to causation and damages in the ordinary course.

A ruling from the Court outlining the Government's obligations under the FFGA will not only streamline these proceedings and narrow the scope of discovery, but it will also provide much needed clarity going forward as the MTA continues to make progress on delivering the Second Avenue Subway Project Phase 2.  *See* RCFC 56(a) (court may grant summary judgment on a "claim or defense—or [] part of each claim or defense").  The MTA's proposed schedule will

progress this case by settling the issues that everyone agrees are ripe for decision, and moving to discovery and summary judgment on the only remaining issues in dispute. *See Allegre Villa v. United States*, 60 Fed. Cl. 11, 19 (2004) (granting partial summary judgment on liability and directing the parties to propose a schedule for discovery relating to damages); *Tamerlane, Ltd. v. United States*, 81 Fed. Cl. 752, 766 (2008) (same); *Sacramento Mun. Util. Dist. v. United States*, 63 Fed. Cl. 495, 507 (2005) (granting plaintiff's motion for partial summary judgment on liability but reserving the question of "[w]hether damages, if any, were caused by … breach").

The Government's proposal—that the parties return to "square one" with the filing of an amended complaint—makes little sense and would inevitably lead to duplicative motion practice. As the Government essentially concedes, Counts III and IV are not moot. If the Court adopts the Government's proposal, the parties will once again need to brief a full summary judgment motion on all four elements—duty, breach, causation, and damages—needlessly wasting scarce judicial and party resources. The purpose of partial summary judgment is to narrow the issues in a case. The Court should rule on liability to do precisely that.[1]

All four Counts rely on the same undisputed material facts and contract provisions, and the parties have already fully addressed duty and breach in their partial summary judgment briefing and at argument on April 16, 2026. Not only is the question of DOT's duty and breach poised for decision for those reasons, but the Government has also effectively conceded that DOT violated

---

[1] The Government has also never confirmed that they do not intend to argue, as the Government argued in *GDC*, that DOT's payment of past-due reimbursements is an affirmative defense to breach. To rule on an affirmative defense, the Court will first need to decide whether the MTA has established a *prima facie* case that DOT breached the FFGA, as Judge Hertling did in *GDC*. *Gateway Dev. Comm'n v. United States*, __ Fed. Cl. __, 2026 WL 730764, at *17 (Mar. 12, 2026) (Hertling, J.) ("*GDC*"). It would make little sense for the Parties to re-brief these threshold liability issues.

numerous provisions of the FFGA and associated regulations obligating the Government to follow a "carefully scripted" process "*before*" suspending payment. *GDC* at \*16.

The Government's objections to the MTA's phased approach are meritless. The Government claims it is "evaluating" whether the MTA's claims "are susceptible to dismissal for failure to state a claim" for an alleged failure to plead causation and damages, but it offers no explanation why a ruling on duty and breach would in any way affect their contemplated dismissal arguments with respect to causation and damages. The Government's only other objection to the MTA's proposal is that bifurcation does not "make sense" because discovery "will almost certainly be required" to resolve the MTA's "claims for consequential damages." But a ruling on duty and breach would in fact streamline discovery by minimizing the areas in dispute.

The MTA believes that the question of mootness as to Counts I and II is adequately presented on the current record and can be decided by the Court in ruling on the motion for partial summary judgement. Accordingly, the MTA does not plan on burdening the Court with additional briefing on this issue unless requested by the Court.

## II.    Defendant's Statement

Counts I-II of MTA's complaint are inarguably moot. In those counts, MTA sought breach of contract damages in the amount of $52,847,178.00, for Count I, and $5,796,161.10, for Count II. Those amounts have been paid, and MTA's claimed damages have been eliminated. Similarly to *Gateway Development Commission v. United States*, No. 26-176, 2026 WL 730764 (Fed. Cl. Mar. 12, 2026), the Court now lacks jurisdiction to entertain Counts I-II. Count III is also moot to the extent it seeks the same damages as Counts I-II. If MTA refuses to voluntarily dismiss Counts I-II, and the moot portion of Count III, the Government will move to dismiss them.

In Count III of the complaint, MTA alleges breach of the implied duty of good faith and dealing. *See* Compl. ¶¶ 184-199, ECF No. 1. Failure to fulfill that duty is a species of breach of

contract. *See Metcalf Const. Co., Inc. v. United States*, 742 F.3d 984, 990 (Fed. Cir. 2014). "[A]s with any breach-of-contract allegation, the contractor may only recover for the breach of the implied duty of good faith and fair dealing if it establishes that the government's breach caused it damages." *Eden Isle Marina, Inc. v. United States*, 113 Fed. Cl. 372, 496 (2013); *see San Carlos Irrig. & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989) (holding that to recover for breach of contract, a plaintiff must establish: "(1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach"). MTA's damages claim in this count is as follows: "In addition to the $52,847,178.00 in withheld payments, DOT's actions caused the MTA to suffer damages in an amount to be determined at trial." Compl. ¶ 198. To the extent this claim is based on the withheld payments, Count III is moot for the same reasons that Counts I-II are moot. We moreover note that MTA included no argumentation in support of this count in its motion for partial summary judgment, *see* Pl. MPSJ at 17-24, ECF No. 13.

The critical issue in this case now is whether MTA has actually incurred "consequential damages," as stated in Count IV of its complaint, with such damages also apparently the remaining focus of Count III. MTA claims that "the delayed reimbursements have caused the MTA to delay finalizing procurement agreements, divert funds from other projects, and incur additional expenses." Compl. ¶ 201. It is questionable whether plaintiff has adequately alleged a causal connection between the Government's actions and these alleged amounts incurred by MTA. Government counsel has asked plaintiff's counsel for a quantum of alleged consequential damages – information that is vital to the Government in determining how to proceed in this litigation. MTA has not provided an amount. In *Gateway Development Commission*, the plaintiff is in the process of amending its complaint to "account[] for the factual developments since Plaintiff's

5

initial complaint was filed." Jt. Status Rpt., *Gateway Devel. Comm'n* (Mar. 19, 2026), ECF No. 54. Such an approach would be advisable here.

As we understand MTA's position, MTA believes that the Court should render a decision on the Government's liability for breach of contract, before reaching the question of damages. While such bifurcation might make sense, for example, in a case where there is an issue of contract interpretation as to which the Court's resolution might eliminate the need for damages discovery, the opposite is true here: MTA believes that the question of breach is settled. But MTA cannot secure a judgment without proving such damages, and claims for consequential damages are inherently more fact-intensive than MTA's now-moot claims that reimbursement requests were submitted by the plaintiff and not paid as due by DOT. Discovery will almost certainly be required. Thus, bifurcation of liability and damages is inadvisable.

For the foregoing reasons, MTA should first amend its complaint to plausibly allege damages, similar to the process in *Gateway*. To the extent MTA does not do so, we respectfully propose that the Government submit its motion to dismiss Counts I-III of plaintiff's complaint on or before May 18, 2026, the date on which defendant's answer is currently due. To address an issue raised by MTA, the Government does now have a straightforward affirmative defense of payment in response to the pending summary judgment motion. But dismissal of those counts on mootness grounds – whether voluntarily or through a contested Government motion – would avoid the need for further briefing on the merits of MTA's superseded summary judgment motion, including the payment defense.

We furthermore submit that the Government should be relieved of any obligation to respond to plaintiff's complaint until the motion for partial dismissal is resolved. *See* RCFC 12(a)(4); 5B Charles Alan Wright et al., Federal Practice & Procedure Civil § 1346 (3d ed.). The

6

disposition of the mootness arguments will substantially affect the scope of this litigation. We also are evaluating whether the remaining portions of MTA's complaint are susceptible to dismissal for failure to state a claim, due to the lack of claimed connection between the Government's actions and MTA's alleged consequential damages.

The Department of Justice and the Department of Transportation have needed to devote significant resources to this matter since it was filed just over a month ago. While we respect the Court's commitment to addressing MTA's claims on an expedited basis, the litigation has reached a point where MTA is not, to our knowledge, prepared to state what recoverable damages it has sustained. The Court therefore cannot enter a monetary judgment at this point. The Government is of course amenable to MTA taking the time it needs to assess and plausibly allege damages, but in the interim this case need not be addressed on an expedited basis.

Dated:  April 22, 2026                                   Respectfully submitted,


/s/ Roberta A. Kaplan                                   BRETT A. SHUMATE
Roberta A. Kaplan                                       Assistant Attorney General
D. Brandon Trice
Maximilian T. Crema                                     PATRICIA M. McCARTHY
KAPLAN MARTIN LLP                                       Director
1133 Avenue of the Americas | Suite 1500
New York, NY 10036                                      MARTIN F. HOCKEY, JR.
Tel.: (212) 316-9500                                    Deputy Director
rkaplan@kaplanmartin.com
btrice@kaplanmartin.com                                 /s/ Geoffrey M. Long
mcrema@kaplanmartin.com                                 GEOFFREY M. LONG
                                                        Assistant Director
Attorneys for Plaintiff                                 JOSHUA MANDLEBAUM
                                                        Senior Trial Counsel
                                                        Commercial Litigation Branch
                                                        Civil Division
                                                        Department of Justice
                                                        P.O. Box 480
                                                        Ben Franklin Station
                                                        Washington D.C.  20044
                                                        Telephone: (202) 307-0159
                                                        E-Mail: Geoffrey.M.Long@usdoj.gov

                                                        Attorneys for Defendant