IN THE UNITED STATES COURT OF FEDERAL CLAIMS

METROPOLITAN TRANSPORTATION
AUTHORITY,

    Plaintiff,

  v.

THE UNITED STATES,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

No. 26-422
(Judge Hadji)

## DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT

For its answer to plaintiff's first amended complaint, defendant admits, denies, and alleges as follows:

### INTRODUCTION[1]

1.  The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2.  Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3.  Admits.

4.  Admits the allegations contained in the first two sentences of paragraph 4. Admits the allegations contained in the third sentence of paragraph 4 to the extent supported by

---

[1] For ease of reference, defendant's answer replicates the headings and titles contained in the First Amended Complaint. To the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

the quoted New York Times article, which is the best evidence of its contents; otherwise denies the allegations.

5.      Admits the allegation contained in the first sentence of paragraph 5 that the United States Department of Transportation (DOT) entered into a Full Funding Grant Agreement (FFGA) with plaintiff (MTA) in November 2023.  Admits the remainder of the allegations contained in the first sentence of paragraph 5 to the extent supported by the FFGA, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegations contained in the second and third sentences of paragraph 5 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations.

6.      Admits the allegations contained in the first and second sentences of paragraph 6 to the extent supported by the FFGA, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegations contained in the third sentence of paragraph 6.

7.      The allegation in the first sentence of paragraph 7 that funding commitments are "binding" is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the remainder of the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8.      The allegation that DOT made a "funding commitment" is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the remainder of the allegations contained in paragraph 8.

9.      The allegation contained in the first sentence of paragraph 9 that defendant breached is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegation contained in the first sentence of

paragraph 9 that work on the project proceeded along the agreed-to schedule.  Admits the second sentence of paragraph 9.

10.    Admits the allegation contained in the first sentence of paragraph 10 that on September 30, 2025, DOT suspended the release of funds for the project.  Denies the remainder of the allegations contained in the first sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the second sentence of paragraph 10 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

11.    Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12.    Admits the allegations contained in the second sentence of paragraph 12 regarding the contents of DOT's September 30, 2025 letter to the extent supported by that letter, which is the best evidence of its contents; otherwise denies the allegations.  Denies the allegation contained in the second sentence of paragraph 12 that DOT's September 30, 2025 letter is an "example" of "changing and inconsistent explanations" for DOT's actions.  Admits the allegation contained in the final sentence of paragraph 12 that DOT suspended funding for the Chicago Transit Authority "[t]hat same week."  Admits the allegation contained in the final sentence of paragraph 12 that Illinois Governor Pritzker made the quoted remarks to the extent supported by the referenced Capitol News Illinois article, which is the best evidence of its contents; otherwise denies the allegation.  Denies that Governor Pritzker's remarks were true. Denies the remainder of the allegations contained in paragraph 12.

13.     The allegations contained in paragraph 13 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14.     The allegations contained in paragraph 14 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

15.     The allegations contained in paragraph 15 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16.     The allegations contained in paragraph 16 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

17.     The allegations contained in paragraph 17 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18.     The allegations contained in paragraph 18 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19.     The allegations contained in paragraph 19 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## PARTIES

20.     Admits.

21.     Admits.

## JURISDICTION

22.     The allegations contained in paragraph 19 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4

## BACKGROUND

### A. The Second Avenue Subway

23.    Denies the allegations contained in Paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24.    Denies the allegations contained in Paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25.    Denies the allegations contained in Paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26.    Denies the allegations contained in Paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27.    Denies the allegations contained in Paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28.    Denies the allegations contained in Paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29.    Admits the allegations contained in the third sentence of paragraph 29 to the extent supported by the cited environmental assessment, which is the best evidence of its contents; otherwise denies the allegations.  Denies the remainder of the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30.    Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

### B. DOT Contracts to Provide Funding for Phase 2

31.    Admits.

32.    Admits.

33.    Admits the allegations contained in Paragraph 33 to the extent supported by the FFGA, which is the best evidence of its contents; otherwise denies the allegations.

34.    Admits the allegations contained in Paragraph 34 to the extent supported by the FFGA, which is the best evidence of its contents; otherwise denies the allegations.

35.    Admits the allegations contained in Paragraph 35 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations.

36.    Admits the allegations contained in Paragraph 36 to the extent supported by the FFGA, which is the best evidence of its contents; otherwise denies the allegations.

37.    Admits.

38.    Admits.

39.    The allegations contained in paragraph 39 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40.    The allegations contained in paragraph 40 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

41.    Admits the allegations contained in Paragraph 41 to the extent supported by the cited FTA ECHO-Web user manual, which is the best evidence of its contents; otherwise denies the allegations.

42.    The allegations contained in paragraph 42 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

43.    The allegations contained in paragraph 43 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

44.     The allegations contained in paragraph 44 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

45.     The allegations contained in paragraph 45 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

46.     Admits the allegations contained in Paragraph 46 to the extent supported by the FFGA, which is the best evidence of its contents; otherwise denies the allegations.

47.     Admits the allegations contained in Paragraph 47 to the extent supported by the FFGA, which is the best evidence of its contents; otherwise denies the allegations.

48.     The allegations contained in paragraph 48 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49.     The allegations contained in paragraph 49 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

50.     The allegations contained in paragraph 50 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

51.     The allegations contained in paragraph 51 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

52.     The allegations contained in paragraph 52 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## C. The Parties' Course of Conduct Under the FFGA

53.     Admits.

54.     Admits.

55.     Denies.  As of the date of this answer, DOT has paid more than 94 reimbursement requests, for a total of substantially more than $126,923,388.00.

56.     Admits that prior to September 30, 2025, DOT routinely paid reimbursement requests the day after MTA submitted them.  The remainder of the allegations contained in paragraph 56 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

57.     Admits.

58.     Admits.

**D. DOT's Disadvantaged Business Enterprise Program**

59.     The allegations contained in paragraph 59 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

60.     The allegations contained in paragraph 60 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

61.     Admits.

62.     Admits.

63.     Admits the first sentence of paragraph 63.  The remainder of the allegations contained in paragraph 63 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

64.     Admits the allegation contained in the third sentence of paragraph 64 that on September 30, 2026, DOT issued the DBE IFR.  The remainder of the allegations contained in paragraph 64 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

65.     The allegations contained in paragraph 65 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

66.     Admits.

67.      Denies the allegations contained in the first sentence of paragraph 67 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the second sentence of paragraph 67.  The allegations contained in the third sentence of paragraph 67 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**E. DOT's Suspension of Funding**

68.      Admits the allegations contained in paragraph 68 to the extent supported by the referenced September 30, 2025 letter, which is the best evidence of its contents; otherwise denies the allegations.

69.      Admits the allegation contained in paragraph 69 that "DOT did not state in this letter that it made a determination that the MTA was in breach or had failed to comply with any law or the terms of the FFGA" to the extent supported by the referenced September 30, 2025 letter, which is the best evidence of its contents; otherwise denies the allegation.  The remainder of the allegations contained in paragraph 69 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

70.      Admits the allegations contained in paragraph 70 to the extent supported by the referenced October 7, 2025 letter, which is the best evidence of its contents; otherwise denies the allegations.

71.      Admits the allegations contained in paragraph 71 to the extent supported by the referenced October 21, 2025 letter, which is the best evidence of its contents; otherwise denies the allegations.

72.      Admits the allegations contained in the first sentence of paragraph 72 to the extent supported by the referenced December 1, 2025 letter, which is the best evidence of its contents;

otherwise denies the allegations.  Denies the second sentence of paragraph 72.  Admits the allegations contained in the third sentence of paragraph 72 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations.

73.     Admits the allegations contained in paragraph 73 to the extent supported by the referenced December 1, 2025 letter, which is the best evidence of its contents; otherwise denies the allegations.

74.     Admits the allegations contained in paragraph 74 to the extent supported by the referenced December 1, 2025 letter, which is the best evidence of its contents; otherwise denies the allegations.

75.     Denies the allegations contained in the final sentence of paragraph 75 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the remainder of the allegations contained in paragraph 75 to the extent supported by the referenced December 10, 2025 letter, which is the best evidence of its contents; otherwise denies the allegations.

76.     Admits the allegations contained in the first sentence of paragraph 76 to the extent supported by the referenced letters, which are the best evidence of its contents; otherwise denies the allegations.  Admits the second sentence of paragraph 76.

77.     The allegation that MTA's reimbursement requests were "valid" is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the remainder of the allegations contained in paragraph 77.

78.     Admits the allegations contained in the first two sentences of paragraph 78.  The allegation in the third sentence of paragraph 78 that DOT's actions were "unlawful" is a conclusion of law to which no response is required; to the extent it may be deemed an allegation

of fact, it is denied.  Denies the remainder of the allegations contained in paragraph 78 for lack of knowledge or information sufficient to form a belief as to their truth.

79.    The allegations contained in paragraph 79 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

80.    The allegations contained in the first sentence of paragraph 80 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the second sentence of paragraph 80.

**F. DOT's Shifting Explanations**

81.    Denies.

82.    Admits the first sentence of paragraph 82.  Denies the remainder of the allegations contained in paragraph 82.

83.    Admits the allegation contained in paragraph 83 that OMB Director Russell Vought's October 1, 2025 X post stated "[r]oughly $18 billion in New York City infrastructure projects have been put on hold to ensure funding is not flowing based on unconstitutional DEI principles.  More info to come soon from @USDOT" to the extent supported by the referenced X post, which is the best evidence of its contents; otherwise denies the allegation.  Denies the remainder of the allegations contained in paragraph 83.

84.    Admits the allegations contained in paragraph 84 to the extent supported by the referenced statement, which is the best evidence of its contents; otherwise denies the allegations.

85.    Admits the allegations contained in paragraph 85 to the extent supported by the referenced article, which is the best evidence of its contents; otherwise denies the allegations.

86.    Admits the allegation contained in paragraph 86 that President Trump shared his plans to meet with OMB Director Russell Vought to the extent supported by the referenced Truth

11

Social post, which is the best evidence of its contents; otherwise denies the allegation. Denies the allegation contained in paragraph 86 that through Truth Social, President Trump shared plans to "determine what cuts he would make because of 'Radical Left Democrats.'"

87.  Admits the allegations contained in paragraph 87 to the extent supported by the referenced YouTube video, which is the best evidence of its contents; otherwise denies the allegations.

88.  Denies.

**G. Defendants' Last-Minute Change In Position**

89.  The allegations contained in the first sentence of paragraph 89 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the second sentence of paragraph 89.

90.  The allegations contained in paragraph 90 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

91.  Denies the first sentence of paragraph 91. Denies the allegations contained in the second sentence of paragraph 91 for lack of knowledge or information sufficient to form a belief as to their truth.

92.  Denies the allegation contained in the first sentence of paragraph 92 that DOT "made an about-face." Admits the remainder of the allegations contained in the first sentence of paragraph 92 to the extent supported by the referenced notice filed at ECF No. 21, which is the best evidence of its contents; otherwise denies the allegations. The allegations contained in the second sentence of paragraph 92 are conclusions of law and plaintiff's characterization of its

case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

93.    Admits the allegation contained in paragraph 93 that DOT has since reimbursed at least $58,643,339.10.  Denies the remainder of the allegations contained in paragraph 93.

**H. Impact of Loss of Funding**

94.    Denies the allegations contained in paragraph 94 for lack of knowledge or information sufficient to form a belief as to their truth.

95.    Denies the allegations contained in paragraph 95 for lack of knowledge or information sufficient to form a belief as to their truth.

96.    Denies the allegations contained in paragraph 96 for lack of knowledge or information sufficient to form a belief as to their truth.

97.    Denies the allegations contained in paragraph 97 for lack of knowledge or information sufficient to form a belief as to their truth.

98.    Denies the allegations contained in paragraph 98 for lack of knowledge or information sufficient to form a belief as to their truth.

99.    Denies the allegations contained in paragraph 99 for lack of knowledge or information sufficient to form a belief as to their truth.

100.    Denies the allegations contained in paragraph 100 for lack of knowledge or information sufficient to form a belief as to their truth.

101.    The allegations contained in paragraph 101 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## CLAIMS FOR RELIEF

## COUNT I

### BREACH OF THE FULL FUNDING GRANT AGREEMENT
*Consequential Damages Resulting from Breach*

102. Defendant repeats and incorporates its responses to paragraphs 1 through 101.

103. Denies the allegations contained in paragraph 103 for lack of knowledge or information sufficient to form a belief as to their truth.

104. The allegations contained in paragraph 104 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

105. The allegations contained in paragraph 105 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

106. The allegations contained in paragraph 106 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

107. The allegations contained in paragraph 107 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

108. Denies the allegations contained in paragraph 108 for lack of knowledge or information sufficient to form a belief as to their truth.

109. The allegations contained in paragraph 109 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

110. The allegations contained in paragraph 110 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

111. The allegations contained in paragraph 111 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

112.   Paragraph 112 is a statement purporting to reserve a procedural right, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

## COUNT II

## BREACH OF THE FULL FUNDING GRANT AGREEMENT

### *Breach of the Duty of Good Faith and Fair Dealing*

113.   Defendant repeats and incorporates its responses to paragraphs 1 through 112.

114.   The allegations contained in paragraph 114 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

115.   Admits.

116.   The allegations contained in paragraph 116 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

117.   Denies the allegations contained in paragraph 117 for lack of knowledge or information sufficient to form a belief as to their truth.

118.   Denies the allegations contained in paragraph 118 for lack of knowledge or information sufficient to form a belief as to their truth.

119.   The allegations contained in paragraph 119 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

120.   The allegations contained in paragraph 120 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

121.   Denies.

122.   Denies.

123.   Denies the allegations contained in paragraph 123 for lack of knowledge or information sufficient to form a belief as to their truth.

124.    The allegations contained in paragraph 124 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

125.    The allegations contained in paragraph 125 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

126.    The allegations contained in paragraph 126 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

127.    The allegations contained in paragraph 127 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

128.    Denies the allegations contained in paragraph 128 for lack of knowledge or information sufficient to form a belief as to their truth.

129.    Paragraph 129 is a statement purporting to reserve a procedural right, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

## PRAYER FOR RELIEF

130.    Denies that plaintiff is entitled to the amount claimed in its prayer for relief, or to any amount whatsoever.

131.    Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor; order that the complaint be dismissed; and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

16

MARTIN F. HOCKEY, JR.
Deputy Director

/s/ Joshua A. Mandlebaum
JOSHUA A. MANDLEBAUM
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044
Tel: (202) 532-5409
joshua.a.mandlebaum@usdoj.gov

July 10, 2026                           Attorneys for Defendant